UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
--------------------------------------------------------------------------X
COREY SAMUEL,                                                                                              CIVIL ACTION NO.
                          Plaintiff,

     -against-                                                                                                **COMPLAINT**

TARGET REALTY, LLC *individually and d/b/a*
TARGET REALTY SOUTH PHILLY *and d/b/a*
CENTURY 21 TARGET REALTY; TARGET
REALTY NORTHEAST LLC *individually and d/b/a*          Plaintiff Demands A
TARGET REALTY CHINATOWN;                                                        Trial by Jury
and LI ZHAO *individually*

                         Defendants.
--------------------------------------------------------------------------X

Plaintiff, COREY SAMUEL, as and for his Complaint against the above-named Defendants respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), 42 USC Section §1981, and the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, et. seq. ("PHRA"), and the Philadelphia Fair Practices Ordinance, § 9-1100 et. seq. ("PFPO"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against by his employer on the basis of his race, color, and/or national origin, together with retaliation and hostile work environment.

1

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the court as this action involves a Federal Question under Title VII of the Civil Rights Act. The Court also has supplemental jurisdiction over the State and City Causes of Action.

3. Venue is proper in this district based upon Defendants' principal place of business within the County of Philadelphia, Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania. Additionally, the events took place within the Eastern District of Pennsylvania.

4. On or about October 25, 2017, Plaintiff filed a charge with the EEOC and PCHR against Defendants as set forth herein.

5. On or about February 21, 2019, the EEOC issued Plaintiff a Right to Sue Letter for both of Plaintiff's Charges of Discrimination.

6. This action is being commenced within ninety (90) days of receipt of the EEOC Right to Sue Letter and more than one-year following the initiation of Plaintiff's Charges of Discrimination with the PCHR.

## PARTIES

7. Corey Samuel (hereinafter referred to as "Plaintiff") is an individual Black African-American male who resides in the County of Philadelphia, Commonwealth of Pennsylvania.

8. At all times material, Defendant TARGET REALTY, LLC is a domestic limited liability company duly existing by the virtue and laws of the Commonwealth of Pennsylvania and is located at 612-36 Washington Avenue, Philadelphia, PA 19147.

9. At all times material, Defendant TARGET REALTY, LLC did and continues to do business as TARGET REALTY SOUTH PHILLY and CENTURY 21 TARGET REALTY.

10. At all times material, Defendant TARGET REALTY NORTHEAST LLC is a domestic limited liability company duly existing by the virtue and laws of the Commonwealth of Pennsylvania and is located at 6928 BUSTLETON AVE PHILADELPHIA PA 19149.

11. At all times material, Defendant TARGET REALTY NORTHEAST LLC did and continues to do business as TARGET REALTY CHINATOWN.

12. That always herein mentioned, Defendant LI ZHAO (hereinafter referred to as Defendant and/or "ZHAO") is the owner and employee of Defendant TARGET REALTY, LLC individually and d/b/a TARGET REALTY SOUTH PHILLY and d/b/a CENTURY 21 TARGET REALTY and Defendant TARGET REALTY NORTHEAST LLC individually and d/b/a TARGET REALTY CHINATOWN (hereinafter referred collectively as Defendant and/or "TARGET REALTY").

13. At all times material, Defendant TARGET REALTY was Plaintiff's joint and/or solo employer.

14. At all times material, LI ZHAO had supervisory authority over Plaintiff.

15. The Complaint involves actions that were taken by Defendants against Plaintiff Samuels.

## MATERIAL FACTS

16. In or about December 2015, Defendants hired Mr. Samuels as a "Security Guard."

17. As a result of his reliability and hard work, Defendant ZHAO expanded Mr. Samuels's duties to assist with Defendants other rental properties throughout the City of Philadelphia.

18. In or around the end of January 2016, Defendant ZHAO promoted Mr. Samuels to "Property Manager." Defendants informed Mr. Samuels that at least one of Mr. Samuels's duties as Property Manager was to show Defendants units to potential renters and/or buyers.

19. Throughout the course of his employment with Defendants, Mr. Samuels was subjected to numerous discriminatory comments based on his race, color, and national origin.

20. By means of example and not meant to be an exhaustive list, in or around June 23, 2017, during a conversation between Mr. Samuels and his co-worker Alexander Joseph George a/k/a "Alex," Mr. Samuels mentioned that he was going to have fried chicken for lunch. Immediately thereafter, Alex responded with words to the effect that "all black people love their chicken" and immediately thereafter texted Mr. Samuels a video of a Dave Chappelle skit wherein the Klu Klux Klan was mocking African Americans eating fried chicken.

21. In addition to the above, throughout Mr. Samuels's course of employment with Defendants, Alex would use derogatory terms while describing guests and tenants in the presence of Mr. Samuels. For example, Alex called females "Bitches", called males "Dickheads" and gay people "Queens" or "Fags." In response to the foregoing, Mr. Samuels advised Alex that Mr. Samuels was offended by the remarks and asked Alex to stop making such comments; however, Alex continued to harass and denigrate people based on race, gender and color.

22. Throughout the course of Mr. Samuels's employment with Defendants, Defendant ZHAO allowed her non-African employees to rent Defendants' property on-site to make it easier for employees to perform their duties. At no time did Defendant ZHAO allow Mr. Samuels to rent an apartment on site, despite his numerous requests.

23. Throughout the course of Mr. Samuels's employment with Defendants and as part of his duties as Property Manager, Mr. Samuels notified Defendants whenever prospective tenants were interested in renting property from Defendants. On nearly every occasion Mr. Samuels notified Defendants of prospective tenants, Defendant ZHAO inquired as to the race/color/and national origin of the prospective tenant.

24. By means of example only and certainly not an exhaustive list, in or around March 2016, Mr. Samuels called his co-worker Alex to inform him that a prospective tenant wanted to view one of Defendants' condos for rent.  Shortly thereafter, Defendant ZHAO called Mr. Samuels and inquired as to the race/color/and national origin of the prospective tenant.  Mr. Samuels replied that the couple was an interracial couple.  Almost immediately thereafter, Mr. Samuels learned from Alex that Defendants ZHAO did not want to rent to any African Americans because she did not want to turn the property into a "ghetto" and a "hood."

25. In addition to the foregoing, throughout the course of Mr. Samuels's employment with Defendants, Defendants forced Mr. Samuels to work on national holidays without paying Mr. Samuels overtime, despite the fact that Mr. Samuels was a non-exempt employee and notwithstanding the fact that all other non-African American employees were given off on such holidays.

26. At all times material Mr. Samuels complained about the discriminatory conduct to Defendants, however, Defendants failed to investigate and take appropriate action.

27. In or around July 2016, Defendant ZHAO offered Mr. Samuels a "side job" cleaning the "Airbnb" apartments before and after guests checked in and out. Defendant ZHAO and Mr. Samuels agreed that Mr. Samuels would be paid $75.

28. Contrary to the above, Defendant ZHAO only paid Mr. Samuels $50.

29. On or around September 4, 2017, Defendant ZHAO terminated Mr. Samuels from his side job cleaning "Airbnb" apartments and replaced Mr. Samuels with a Hispanic female by the name of Gladys [last name unknown] whom Defendant ZHAO paid $75 to clean the "Airbnb" apartments.

30. Throughout the course of Mr. Samuels's employment with Defendants, Defendant ZHAO frequently forced Mr. Samuels to perform manual labor by himself on jobs that required at least six (6) people to do.  By way of example only, on or around, March 15, 2017, Defendant ZHAO made Mr. Samuels shovel a driveway which covers a total area of 1,821 square feet.

31. In retaliation for Mr. Samuels's frequent complaints to Defendants concerning the discriminatory conduct he endured and on or around August 5, 2017, one of Defendants' maintenance workers called Mr. Samuels and told Mr. Samuels to report to the unit even though it was Mr. Samuels's day off.  Upon entering the unit, Mr. Samuels saw the stuffed monkey hanging from a noose.

32. In response to the foregoing, Mr. Samuels imminently feared that his life was being threatened and thereafter Mr. Samuels called the police and filed a police report.

33. Almost immediately thereafter, Mr. Samuels called Defendant ZHAO and reported the foregoing incident to her.  In response, Defendant ZHAO disregarded Mr. Samuels and directed him to notify her assistant.  Thereafter, Mr. Samuels notified both Defendant ZHAO's assistant Ying.  Mr. Samuels also reported the incident at the rental unit to his co-worker Alex, who replied with words to the effect of, "Would you be surprised if I told you five (5) people at the office are racist."  Mr. Samuels responded that he would not be surprised.

34. About a week later on or about August 11, 2017, Defendant ZHAO sent Mr. Samuels a text message directing him to clean the same unit that had the stuffed monkey hanging from a noose, because she wanted to show the unit to prospective tenants.

35. When Mr. Samuels arrived at the unit, the stuffed monkey was still hanging from a noose, in addition to a rotten banana next to the stuffed monkey's neck.  Defendants failed to correct the deplorable racist threat, instead increasingly the hostility.

36. In response, Mr. Samuels notified Defendant ZHAO that the stuffed monkey was still hanging from a noose and that a rotten banana was also hanging from the noose alongside the stuffed monkey's neck.  Defendant ZHAO disregarded Mr. Samuels's complaint and told him that she would show a different unit to the prospective tenants.

37. On or about September 5, 2017, as the stuffed monkey and rotten banana continued to hang in the noose from the ceiling Defendants constructively discharged Mr. Samuels.  Defendants made conditions so onerous, abusive, and intolerable for Mr. Samuels that no person in Mr. Samuels's shoes would have been expected to continue working under such conditions, and as such, Mr. Samuels's choice to resign was void of choice or free will.

38. As a result of Defendants' actions, Mr. Samuels felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

39. As a result of Defendants' discriminatory and intolerable treatment, Mr. Samuels suffered and continues to suffer severe emotional distress and physical ailments.

40. As a result of the acts and conduct complained of herein, Mr. Samuels has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Mr. Samuels has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

41. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Mr. Samuels demands Punitive Damages against all Defendants jointly and severally.

42. Mr. Samuels claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

43. Upon information and belief, the discrimination and retaliation will continue after the date of this Complaint and Mr. Samuels hereby makes a claim for all continuing future harassment and retaliation.

44. The above are just some examples of unlawful and discriminatory conduct to which Defendants subjected Mr. Samuels.

45. The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

**AS A FIRST CAUSE OF ACTION
UNDER FEDERAL LAW
<u>42 U.S.C. Section 1981</u>
<u>(Discrimination and Retaliation)</u>**

46. Plaintiff, individually and on behalf of all persons similarly situated, repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

47. 42 USC Section 1981 states in relevant part as follows:

    (a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
    (b) "Make and enforce contracts" defined For purposes of this section, the term "make and

8

enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

48. Plaintiff, as a member of the Black and/or African-American race, was discriminated against by Defendants because of his race/color as provided under 42 USC Section 1981 and has suffered damages as set forth herein.

49. Plaintiff also claims unlawful retaliation under 42 U.S.C. 1981 for his opposition to Defendants' unlawful employment practices.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

51. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

52. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e ' *et seq.*, by discriminating against Plaintiff because of his race, color and/or national origin.

## AS A THIRD CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
## (Not Against Individual Defendants)

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

54. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

55. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

## AS A FORTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such

individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

58. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his race/national origin.

59. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## AS A FIFTH CAUSE OF ACTION
## FOR RETALIATION UNDER STATE LAW

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

61. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

62. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A SIXTH CAUSE OF ACTION
## FOR AIDING & ABETTING UNDER STATE LAW

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

65. Defendants engaged in an unlawful discriminatory practice in violation of PHRA § 955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS AN SEVENTH CAUSE OF ACTION FOR
## DISCRIMINATION UNDER THE PHILADELPHIA
## CITY ADMINISTRATIVE ORDINANCE

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that "It shall be an unlawful discriminatory practice: "It shall be an unlawful employment practice to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex (including pregnancy, childbirth, or a related medical condition), sexual orientation, gender identity, religion, national origin, ancestry, age, disability, marital status, familial status, genetic information, or domestic or sexual violence victim status, including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or

otherwise discriminate against any individual, with respect to tenure, promotions, terms, conditions or privileges of employment or with respect to any matter directly or indirectly related to employment."

68. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his race/national origin.

69. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Philadelphia Fair Practices Ordinance Chapter 9-1100.

## AS AN EIGHTH CAUSE OF ACTION FOR RETALIATION UNDER THE PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. The Philadelphia Fair Practices Ordinance § 9-1103(1)(g) provides that it shall be unlawful discriminatory practice: " For any person to harass, threaten, harm, damage, or otherwise penalize, retaliate or discriminate in any manner against any person because he, she or it has complied with the provisions of this Chapter, exercised his, her or its rights under this Chapter, enjoyed the benefits of this Chapter, or made a charge, testified or assisted in any manner in any investigation, proceeding or hearing hereunder."

72. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(g) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A NINTH CAUSE OF ACTION FOR
## AIDING & ABETTING UNDER THE PHILADELPHIA
## CITY ADMINISTRATIVE ORDINANCE

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

74. The Philadelphia Fair Practices Ordinance § 9-1103(1)(h) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, induce, compel or coerce the doing of any unlawful employment practice or to obstruct or prevent any person from complying with the provisions of this Section or any order issued hereunder or to attempt directly or indirectly to commit any act declared by this Section to be an unlawful employment practice."

75. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(h) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Philadelphia, Pennsylvania        DEREK SMITH LAW GROUP, PLLC
       May 21, 2019                              Attorneys for Plaintiffs

_____
Caroline H. Miller, Esq.
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
P: (215) 391-4790
Email: caroline@dereksmithlaw.com

15